## Friedberg v. Roy Building and Loan Association.

*Paul Reilly*, for plaintiff;  *Samuel E. Kratzok*, for defendant.

SMITH, P. J., January 20, 1931.—On April 9, 1928, the Roy Building and Loan Association, in which plaintiff owned shares of stock, decided to merge with the Max D. Willig Building and Loan Association. On May 24, 1929, the summons issued in this suit, but the bill was not filed until April 24, 1930. The plaintiff by his bill claimed the merger was illegal and asked for an accounting and payment. On May 8, 1930, preliminary objections to the bill were filed by the defendant. On July 1, 1930, a decree *pro confesso* was entered for failure to file an answer. On July 21, 1930, a rule issued to revoke or open the judgment *pro confesso* and permit the defendant to answer. Argument on this rule was had on September 5, 1930, and on September 22, 1930, the rule was discharged. On October 3, 1930, the order of September 22, 1930, discharging the rule to show cause why the judgment should not be opened, was revoked and the judgment opened, for the reason that it appeared "that judgment *pro confesso* was entered in the above entitled case while preliminary objections to the bill were undisposed of."

The plaintiff now contends that this order of revocation of October 3, 1930, was erroneously entered, and that the judgment *pro confesso* should be permitted to stand, relying upon Rule 49 of the Supreme Court Equity Rules, which provides that preliminary objections to the bill shall be placed upon the argument list for hearing within ten days after the expiration of the time for amendments, and that if this course is not pursued, all objections will be deemed finally waived, and the defendant must answer within an additional ten days, under penalty of having the bill taken *pro confesso*. The defendant failed to place its preliminary objections on the argument list within said ten days, and a strict interpretation of this rule would permit the judgment to stand, thus precluding the defendant from answering to the merits.

Rule 51, however, permits the court to open a judgment *pro confesso*, even after a following *ex parte* hearing, and to permit the defendant to answer over upon cause shown. The preliminary objections to the bill, taken in connection with the bill itself and the briefs of argument submitted, lead to the inference that the defendant has a substantial defense to the bill, and this being so we feel that under Rule 51 the court should grant the defendant the privilege of answering to the merits. Equity rules are flexible and should be liberally construed to the end that justice may be done. The preliminary

objections to the bill must be deemed to have been waived under Rule 49, but the order opening the judgment *pro confesso* will be permitted to stand.

And now, January 30, 1931, permission is granted defendant to answer to the merits in the above entitled case within fifteen days, under penalty of having the bill taken *pro confesso*.